SHU HUA ZHENG, Petitioner,

v.

Michael B. MUKASEY,[1] Attorney General, Respondent.

No. 06–4939–ag.

United States Court of Appeals, Second Circuit.

Dec. 12, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Wendy Tso, New York, NY, for Petitioner.

Gary A. Vanasek, Assistant United States Attorney, for David Kustoff, United States Attorney for the Western District of Tennessee, Memphis, TN, for Respondent.

PRESENT: Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Shu Hua Zheng, a native and citizen of the People's Republic of China, seeks review of a September 29, 2006 order of the BIA denying her motion to reopen removal proceedings. *In re Shuhua Zhen,* No. A72 337 299 (B.I.A. Sep. 29, 2006).[2] We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34 (quoting *Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001)).

 With limited exceptions, a party may file only one motion to reopen removal proceedings, and that motion must be filed no later than 90 days after the date

**2.** The BIA refers to petitioner as "Shuhua Zhen."

on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later. 8 C.F.R. § 1003.2(c)(2). Here, the BIA issued its original decision in April 1995, and Zheng did not submit her first motion to reopen until July 29, 2005, nearly nine years after the filing deadline. Zheng's second motion to reopen, submitted June 27, 2006, was both untimely and number-barred. *See id.* Accordingly, the BIA did not abuse its discretion in denying the motion to reopen.

■ Zheng's contention that the BIA should have granted her an exception to the filing deadline for motions to reopen because of changed conditions in her country of origin is without merit. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Zheng only alleges changes in her personal circumstances: her marriage to a United States citizen, her pending adjustment of status application, and her children's change in immigration status to lawful permanent residence. These changes do not constitute "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered," 8 C.F.R. § 1003.2(c)(3)(ii), that would entitle Zheng to an exception to the regulatory filing deadline. *See Guan v. BIA,* 345 F.3d 47, 49 (2d Cir.2003); *accord Li Yong Zheng v. United States Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005).

Zheng's contention that the BIA should have granted her motion to reopen to allow her to adjust her immigration status pursuant to *In re Velarde–Pacheco,* 23 I. & N. Dec. 253 (B.I.A.2002), is also without merit. In that case, the BIA held that it may grant a "properly filed" motion to reopen to permit an alien to pursue an application for adjustment when five "factors are present." *Id.* at 256. Two of those factors, that the motion to reopen be (1) timely filed and (2) not numerically barred by the regulations, *see id.*, are not present in this case.

For the foregoing reasons, the petition for review is DENIED.